**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BELA BORCSOK,**

               **Plaintiff,**                9:03-CV-395
                                                         (GLS/RFT)

               **v.**

**PETER D. EARLY, JAMES
PLESCIA, DONALD SELSKY,
DAVID MILLER and GLENN
S. GOORD,**

               **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

BELA BORCSOK
Plaintiff, *Pro Se*
82-A-3861
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051-0999

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO       DOUGLAS J. GOGLIA
New York Attorney General        Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

After Bela Borcsok filed a § 1983 action alleging violations of his Fourteenth Amendment rights,[1] *see* Dkt. No. 1; *see also* 42 U.S.C. § 1983, his complaint was referred to Magistrate Judge Randolph F. Treece for report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).  Subsequently, Judge Treece issued a report recommending that defendants' motion for summary judgment be granted in its entirety.  *See Report-Recommendation ("R&R")*, Dkt. No. 30.[2]

Broadly construing the complaint, Judge Treece concluded the following: (1) Borcsok does not maintain a constitutional right to be free from a false misbehavior report; (2) his procedural due process claim fails because he has not shown an "atypical and significant" hardship; (3) his remaining due process claim fails because "some evidence" existed to

---

[1] Borcsok asserts that his due process rights were violated during a Tier III Disciplinary Hearing because there was a lack of physical evidence to support the contents of the misbehavior report in question, the report itself was fabricated, and the hearing officer was biased.  *See Dkt No. 1.*

[2] The Clerk is directed to append Judge Treece's Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 30.*

support a finding of guilt; (4) whether sufficient evidence existed to support the hearing officer's decision is barred by collateral estoppel because the issue was already addressed in an Article 78 proceeding; and (4) no evidence exists to show bias on behalf of hearing officer Plescia.

Borcsok has now filed objections to Judge Treece's report. *See Dkt. No. 32.* Although timely, the objections do not specifically address Judge Treece's factual and legal conclusions. Instead, Borcsok has simply repeated the facts and arguments contained in his original petition and motion papers. His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Specifically, Borcsok's objects that both defendant Early and Plescia were required to produce physical evidence to support the hearing decision. However, this assertion ignores Judge Treece's conclusion that "some evidence" existed to support defendants' finding. *See Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004). Similarly, Borscok's argument that the state court did not consider the issue of physical evidence in the Article 78 proceeding is belied by the record. *See Borcsok v. Selsky*, 744 N.Y.S.2d 772 (N.Y. App. Div. 2002) (finding that sufficient evidence existed to find Borcsok guilty of violating prison rules).

3

In sum, given the inadequacy of Borcsok's objections, he has procedurally defaulted.  *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006).  Accordingly, the court has reviewed Judge Treece's report and recommendation for clear error.  *See Almonte*, 2006 WL 149049, at *6.  Having discerned none, the court adopts the report and recommendation in its entirety, and Borcsok's complaint is dismissed in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Treece's February 21, 2007 Report-Recommendation (**Dkt. No. 30**) is accepted and adopted in its entirety; defendants motion for summary judgment (Dkt. No. 23) is GRANTED, the complaint is dismissed in its entirety; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendants and close the case; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge